**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: ROBERT J. SPINOSO, JR.,        Case No.: 16-12789-RBR
　　　　Debtor.　　　　/            Chapter 13

### DOMESTIC SUPPORT OBLIGEE, VERONICA MAGGIO'S, OBJECTION TO CONFIRMATION OF PLAN

COMES NOW, Domestic Support Obligee, VERONICA MAGGIO, by and through undersigned counsel and pursuant to Bankruptcy Rule 3015(f), and files this, her Objection to Confirmation of Plan, and states:

1. VERONICA MAGGIO objects to the confirmation of Debtor's chapter 13 plan, as

   a. It is not proposed in good faith in contravention of 11 U.S.C. 1325(a)(3). This lack of good faith is evidenced by Debtor's failure to disclose to his counsel and to this court the existence of his domestic support obligations (of which he is fully aware), his failure to disclose his arrearages on same (of which he is also fully aware), and his failure to provide for payment of his domestic support obligations in his Plan. This lack of good faith is further shown by the fact that the Debtor quit his job that paid him in excess of $150,000 per year to attempt to shirk his obligatiojns to his wife and daughter;

   b. The action of the Debtor in filing the petition was not in good faith in contravention of 11 U.S.C. 1325(a)(7). This is clear from the facts that Debtor recently fled his home state of New Jersey, came to Florida and filed this bankruptcy (perhaps following the example of his brother and perhaps believing some how that doing so would relieve him of the effects of the Support and Domestic

Violence Orders that have been entered against him in his New Jersey Family Court cases). This lack of good faith is further shown by the facts that Debtor initially failed to disclose to his counsel and to this court the existence of the divorce action to which he is a party (in response to Question No. 4 of the Statement of Financial Affairs (SOFA)), and when he amended his response to SOFA No. 4 to disclose the divorce action, he failed to apprise his attoney and this court of the Domestic Violence proceeding to which he is also a party and in which he was found to have committed an act of domestic violence; and

    c.   Debtor's Plan does not provide for payment of 100% of his $27,729.88 in Domestic Support Obligation arrearages, nor does it provide for payment of 100% of his $4,741.14 in ongoing monthly Domestic Support Obligations, in contravention of 11 U.S.C. 1325(a)(8).

    2. VERONICA MAGGIO reserves the right to amend or supplement these objections, or assert objections on other grounds as more information becomes known to her.

WHEREFORE, VERONICA MAGGIO respectfully prays that this Honorable Court deny confirmation of the Plan and dismiss this case on the grounds set forth above.

                                    Respectfully Submitted,

                                    <u>/s/ James Schwitalla</u>
                                    James Schwitalla, Esquire
                                    F.B.N. 911488
                                    Attorney for Creditor
                                    12954 SW 133 Court
                                    Miami, Florida 33186
                                    Office (305) 278-0811
                                    Fax (305) 278-0812